EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
_____ DIVISION at _____

CIVIL ACTION NO. 5:25-CV-391-DCR (Court Clerk will supply)

Brandy Cornett
### PLAINTIFF

Eastern District of Kentucky
**FILED**

OCT 21 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

VS:

Sumter County Sheriff's Office,
Sumter County Board Of
Commissioners

(do not use "et al.",
enter full names)

Demand for Jury Trial:
Yes (___) No (___)

_____

_____

### DEFENDANTS

**I.    Plaintiff:**

A.  Name (list any aliases): Brandy Cornett

B.  Prisoner ID #: N/A    Check one: Convicted _____ Pretrial Detainee _____

C.  Place of present confinement: N/A

D.  Address: 2016 twelfth St, Apt F, Lexington, Ky, 40505

**II.   Defendant(s):** (additional defendants may be listed on a separate sheet of paper)

A.  Defendant's Name: Sumter County Sheriff's Office
    Title or Position: County law enforcement agency
    Place of Employment: Sumter county, Americus, GA (caption+) (subordinates)

B.  Defendant's Name: GA Dept of Human Services (DFCS)
    Title or Position: State and county/Child welfare/DCFS
    Place of Employment: Americus DCFS office, Americus, GA

Page 1 of 8

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

---

C.  Defendant's Name: SUMter County board of Commisioners:
Title or Position: Local Governing body, county administrator, county attorny
Place of Employment: Americus, GA // County insurer

D.  Defendant's Name: United states dept. of Justice, and Federal bureau of investigation
Title or Position: Federal investigative and enforcemet agencies
Place of Employment: US DPt just washington DC, Florida GA Office

E.  Defendant's Name: Southwestern Judicial circuit district Attorny office, GtBI, mental health agency
Title or Position: State & local entities
Place of Employment: Americus, GA, Atlanta, GA middleflint

## III.  Statement of Claim:

Below you should state the **FACTS** of your case.  You don't need to make legal arguments or refer to any cases or statutes.

If you wish to allege a number of related claims, write out each claim in a separate numbered paragraph.  (If you need more space, you may attach extra sheets).

A.  What happened?  Explain specifically what each Defendant did or failed to do.

I am a Mandated trauma-Certified reporter and the parent of a disabled six-year-old child diagnosed with ADHD-Autism Feeding difficulties. My child disclosed recorded torture tactics being used one her by a State-approved Foster parent and a DCFS employee. i Immediately filed reports as required by law. the Following sections describe the events that transpired.
   A. Sheriffs office/County law enforcement
1. Failed to promptly investigate a mandated child abuse/torture disclosure, violating legal duty.
2. Filed incident report containing false statements, minimizing parental concerns, and omitting key facts.

Page 2 of 8

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

3. Discouraged/blocked cross reporting to DCFS

4. Failed or Permitted to prevent witness intimidation and retaliation, including job loss, and harassment after report.

5. provided a blank or incomplete report to a lawful records request, impeding transpancy and due process

6. Allowed conflict of interist to maInfluence investigation

7. engaged in ADA violations and disability discrimination

8. Failed to provide resonable notice, proper location Information for Forinsic interview.

See additional page I. for sect III A.9 - E.5
Page I-IV

B.   When did these events happen?

A.1-3 Aug 22, 2025    A.4-7 Aug 25, 2025
A.8 Aug 26, 2025   A.9 Aug 22, 2025
B.1 08/22-25/2025   B.2 Aug 25, 2025
B.3 Aug 25-27, 2025   B4 Aug 25, 2025
C.1 Sept 2, 2025   C.2-4 Sept 2, 3, 2025
D.1 Aug 29, 2025   D.2 Sept 2, 2025
E1 Aug 25   E2 Aug 25   E3 Aug 28-29
E 4 Aug 29 - Sept 2   E5 Aug 29

Page I of XIII

III Statement of claim continued...
A. Sheriffs office/County law enforcement.
    1-8 ...
    9. Sheriffs office command staff,
including the Captian had actual
knowledge of the disclosure and
resulting failures, but took no
corrective action.

B. DCFS/Child Welfare
    1. failed to cross-report, investigate,
or intervene in response to multiple
mandated abuse disclosures and
reports by parent, medical provider,
and school.
    2. Allowed conflicts of interest
and personal relationships with
the accused to interfere with required
child protection duties
    3. Failed to coordinate or
communicate with other agencies
to ensure the childs safety and
wellbeing.

See page II

Page II of XIII

III. B.4. Failed to provide protection, services, or resonable accommodations for a disabled child and mandated reporter parent, despite repeated disclosures and requests.

C. County Administration |Council| Attorney| Insures

1. Failed to take corrective action or provide relief after formal notice and receipt of a comprehensive settlement package documenting ongoing harm and violations.

2. Continued a pattern of isolation and non-responsiveness to the mandettied reporter, ignoring communications and exscluding relevant county officals

3. Through the county Attorney and insurer, denie valid claims of harm and ratified agency misconduct, despite exstensive evidence and exhibits provided.

See page III

Page III of XIII

III. D. Federal (FBI/DOJ)

1. Failed to intervene or respond after being notified of ongoing Federal rights violations and systemic escalation and detailed reports.

2. Did not provide follow-up, guidance, or resources to address civil rights violations and ADA violations reported by a mandated reporter on behalf of a disabled child.

E. State and local Affiliates (DA, GBI, Mental health case worker

1. District Attorney's office declined to act, stating "cant help until an arrest has been made," failing to provide protection, guidance, or support despite notice of ongoing harrasment, and abuse.

2. Georgia Bureau of investigation (GBI) was notified of conflict of interest and PCFS ties but did not intervene or follow up to ensure investigation.

See Page IV

III. E. 3. State-contracted mental health caseworker failed to provide agreed-upon assistance, including medical insurance assistance, and essential transportation, leaving family without food or care.

4. Multiple mental health agencies and officals failed to provide accomidations, interventions, or services required for a disabled child and family in crisis, despite direct requests and notices.

5. State senator and other contacted state officals, failed to provide oversight, advocacy, intervention. After being informed of systemic failures and esculating harm.

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

C. Where did these events happen?

Americus, Georgia (Sumter County) - primary
location of abuse reports, law enforcement
intake, DCFS involvment, and county
level administration.
Atlanta, GA (State-level agencies (GBI +)
Washington, D.C. (Federal DOJ/FBI)

D. What rights under the Constitution, federal law, federal regulations, state law, or state regulations do you allege the Defendant(s) violated? State the specific constitutional provision or law if you know it.

Constitutional rights violated
1. 14th Amendment - Due Process /
Equal Protection //CrossRef - A.1-6, B.1-3, C.1,C.2, D.1
See pages IX - XI for additional rights violated.

## IV. Exhaustion of Administrative Remedies

A prisoner must complete all steps of the prison's grievance process before filing any lawsuit that relates to prison conditions.

A. **Federal Prisoners** answer the following:

1. Did you file a grievance regarding the facts in this Complaint under Bureau of Prisons regulations? YES (____) NO (____)

2. If so, did you (check **ALL** that apply):
   _____ file a request or appeal to the Warden                    _____ date
   _____ appeal to the Regional Director                           _____ date
   _____ appeal to the Office of General Counsel                   _____ date

3. **ATTACH** a copy of each grievance or appeal form you filed and the prison's response(s) to each grievance or appeal.

✎EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

4. What was the result? _____

_____

_____

_____

5. If you did not file a grievance, why not? _____

_____

_____

_____

B. **State Prisoners** answer the following:

   1. Did you file a grievance regarding these facts under Kentucky Department of Corrections CPP 14.6 or an appeal of a disciplinary decision to the warden under CPP 15.6?    YES ( ___ )  NO ( ___ )

   2. If you filed a grievance under CPP 14.6, did you (check **ALL** that apply):

      _____ file a grievance and seek an informal resolution     _____ date
      _____ request a hearing from the Grievance Committee   _____ date
      _____ appeal to the Warden                      _____ date
      _____ appeal to the Commissioner             _____ date

   Did you file an appeal of a disciplinary decision to the warden under CPP 15.6?
        YES ( ___ )  NO ( ___ )

                              _____ date

   3. **ATTACH** a copy of each grievance or appeal form you filed and the prison's response(s) to each grievance or appeal.

   4. What was the result? _____

_____

_____

_____

   5. If you did not file a grievance, why not? _____

_____

_____

_____

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

C.    **County or City Prisoners** answer the following:

1.    Is there a grievance/appeal policy at your jail?    YES (___)  NO (___)

2.    **ATTACH** a copy of the grievance/appeal policy to your Complaint, if available.  If not, briefly describe the grievance/appeal policy below.

_____

_____

3.    Did you file a grievance regarding these facts?    YES (___)  NO (___)

4.    If you filed a grievance:

a.    What steps did you take to use the grievance process?  _____

_____

_____

_____

_____

b.    What was the result?  _____

_____

_____

c.    If unsuccessful, did you file an appeal?    YES (___)  NO (___)

d.    What was the result?  _____

_____

_____

e.    Did you take any further steps in the grievance process?
        YES (___)  NO (___)        NO MORE AVAILABLE (___)

f.    What was the result?  _____

_____

_____

5.    If you did not file a grievance, why not?:  _____

_____

_____

_____

_____

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

## V. OTHER LAWSUITS

A. Have you filed any other lawsuit **dealing with the same facts** raised in this action? YES (✓) NO (___)

B. If your answer to question A is **YES**, describe the lawsuit in the space below. If you filed more than one other lawsuit, provide the same information for each other lawsuit on additional sheets of paper.

1. PARTIES:

Plaintiff: Brandy Cornett

Defendant(s): ~~illegible~~ Sumter County Sheriffs Office et al.

2. COURT: (name the district for a federal court, or the county for a state court)

United States District Court, middle GA

3. CASE NO.: 3:24-cv-00019-CAR   DATE FILED: Sept 4, 2025

4. OUTCOME: (is the case still pending? was it dismissed? being appealed?)

transferred

5. DATE OF JUDGMENT, DISMISSAL, or APPEAL: Sept 18

C. List any other lawsuits that you have filed in any state or federal court:

1. Plaintiff Brandy Cornett vs. Defendant(s) Sumter Co. Sherriffs office et al.

Court Name: USDC Eastern district Ky   Case No.: 5:25-cv-00333-DCR

Nature of Claim: §1983 Civil Rights +   Date Filed: Sept 18, 25

Outcome: dismissed without prejidice   Date: 9.19.25

2. Plaintiff _____ vs. Defendant(s) _____

Court Name: _____   Case No.: _____

Nature of Claim: _____   Date Filed: _____

Outcome: _____   Date: _____

III. D. | 2. 5th Amendment
Procedural due Process // cross-ref:
D1, D2, C1

3. 1st Amendment
Right to Petition // Cross-Ref: D1, C1

4. 4th Amendment ÷ Security of Person
Cross-Ref: A1, A2

5. 8th Amendment – Deliberate
indifference // cross – Ref: A1-A5

6. 13th Amendment – Coercive
Conditions / involuntary Servise //
Cross-Ref: A5, B3

7. 42 U.S.C § 1983 - Civil Rights
Deprivation // Cross-Ref: A1-6, B1-3
C1-2, D1-2, E1

8. 42 U.S.C § 1985(3) - Conspiracy
to interfere with Civil Rights //
cross ÷ Ref: A5-6, C1

Page VI of XIII

III. P. 9. 42 U.S.C. § 1986 —
neglect to prevent wrongdoings.
cross-ref A5, A6

Federal Statutory Violations

10. CAPTA 42 U.S.C. § 5106a —
failure to investigate/cross-Report//
cross-Ref: A1-3, B1

11. ADA Title II, 42 USC § 12132 —
Denial of equal access//Cross-Ref:
A5, E1

12. ADA Retaliation, 42 USC § 12203 —
Intimidation / Harassment //Cross-Ref: A5, C1

13. Rehabilitation Act § 504 — Failure
of Federally Funded Services//cross Ref: E1

14. 18 USC §§ 1503 & 1512 — Witness
Intimidation/obstruction//cross-ref
A3 -5, C1, D1

Page VII of XIII

III. D.  15. 18 USC § 242 - Deprivation of Rights Under color of law// cross-Ref: A1-L6, C1

16. 42 USC § 1981 - Equal Rights Enforcement // Cross-Ref: A4, B1, C1

17. Bounds v. Smith, 430 US. 817 - Access to courts // cross-Ref: D1, D2

18. Houston v. Lack, 487 US. 266 - Mailbox Rule // Cross-Ref: D1

19. Tennessee v. Lane, 541 US 509 - APA court Access // Cross-Ref D1

20. Olmstead v. L.C., 527 US 581 - Community integration // Cross-Ref: E1

21. 28 USC § 1915 - Indigent Filing rights // Cross-Ref: D1, D2

22. Fed. R. Civ P. 65 - TRO / injunction Procedure // cross-Ref: C1, D1

Page VIII or XIII

III. D.    Federal Regulartory /
Program Violations

23. CAPTA Reporter Protections-
Retaliations Bar// cross-Ref: A3-5

24. IDEA, 20 USC § 1400 et seq.-
Special Education Access// cross-ref: B3,E1

25 section 504 Education Regulation
cross-Ref: B3,E1

26. HIPPAA, 45 CFR § 164.502-
confidentiatality Breach// cross-Ref: A5

27. FERPA, 34 CFR § 99 - Student
Record Protection//cross-ref: B3

State statutory Violations
(Georgia)

28. O.C.G.A § 19-7-5 - Failure
to investigate/retaliations // cross-Ref:
A1-5, B1

Page IX of XIII

III. D.    29. OCGA § 16-10-8-
Failure of official duty // Cross-Ref: A2, A5

30. OCGA § 16-10-20-False Statements
Cross-Ref: A2, A5

31. OCGA § 16-10-93 — Witness
Intimidation //cross-Ref: A3-5, C1

32. OCGA § 16-10-94 - Tampering
With evidence. //cross-ref: A2-5

33. OCGA § 45-11-1 — Breach
of confidentiality // Cross Ref. A5

34. OCGA § 16-10-1/-2-Abuse
of office/ Conflict of interest// Cross-
Ref: A4

35. OCGA § 16-10-5 -False sworn
statement by officer //Cross-ref:A2

36 OCGA § 16-10-24 -Obstruction/
hindering // Cross-ref: A5, C1

Page X of XIII

III. D.  37. OCGA § 50-18-70
(Open Records Act) Records
Withheld // Cross-Ref: A4

38. Spoliation Doctrine —
Destruction of Evidence. //Cross-
Ref: A4, A5

39. GA Whistleblower Act § 45-1-4
Retaliation for disclosure//Cross-ref
A3-5, C1

40. GA Fair Employment Practices
Act § 45-19-29 et seq // Cross-ref: C1

41. OCGA § 31-7-143 - Abuse of
Disabled Persons//Cross-Ref: A1, A2, B1

State Regulatory Violations

42. Georgia Administrative code
§ 290-9-2-.07 - Abuse, neglect, and
Exploitation Reporting in Licensed
Programs. Cross-Ref: A1-5, B1

Page XI of XII

III. D. 43. GA Peace Officer Standards
§ 464-13-.06 - Duty to Report
Cross Ref: A2-A5

44. GA Open Records Rules § 50-18-71
Public Records Access // Cross Ref A4

45. GA Mental Health Code Rules
§ 290-4-9- Delivery of Service // Cross-
Ref E1

46. GA Dept. of Education Special
Needs Rules § 160-4-7-.01 // Cross-Ref B3

47. DCFS Training Standard - 72 hour
Compliance Rule // Cross Ref: B1, A1

48. Public Employee Ethics Rules § 45-10-1 et seq.
Cross Ref: A5, C1

49. GA State ADA Compliance Rule §
50-29-1 // Cross-Ref: A5, E1

50. GA Court Access Guideline § 9-11-65-
Emergency Relief // Cross-ref: D1, C1

✎EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

---

3. Plaintiff _____ vs. Defendant(s) _____

    Court Name: _____  Case No.: _____

    Nature of Claim: _____  Date Filed: _____

    Outcome: _____  Date: _____

## VI.  Relief:

State exactly what you want the Court to do for you.  You don't need to make legal arguments or refer to any cases or statutes, just explain what you want to happen if you prevail on your claim. See PG. IVX + Relief supporting grounds for legal / Emergency grounds
IX, IX

I respectfully request that this complaint be treated as an Emergency Filing and that the court schedule a preliminary hearing to determine whether a ...
(See the rest of Relief request on page XII+

## VII.  Review this Form

Please take a moment to go back and review your responses to each of the questions. Immediately below you are required to certify under penalty of perjury that the information you have provided in this form is correct to the best of your knowledge, so please make sure that your responses fully and accurately explain your claim.

## CERTIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_Brandy Cornott_ _____    Oct 21, 2025
Signature of Plaintiff    Prison ID#    Date

Plaintiff's Address:  206 twelfth St, Apt F

Lexington, Ky, 40505

Page 8 of 8

Page XII of XIII

## VI Relief Requested Continued...

...Temporay Restraing Order (TRO) or other immediate relief suggested by the court should be issued.

Specifically, I ask that the court:
Preserve Evidence - Order that no defendant, agency, or affiliate delete, alter, or destroy any other records, reports, recordings related to this case, including but not limited to law enforcement, DCFS Family and employees, or ~~records~~ ADA related materials.

2. Prevent Retaliations — Prohibit further acts of harrasment and retaliation or intimidation to me and my child and her father.

3. Ensure ADA accomidations. Reconize my disability status under the ADA & require that I recieve reasonable accomidations for communication comprehension, scheduling, and participation in all proceeds.

Page XIII

**VI.** 4. Appoint Counsel— Due to the Federal and civil rights scope of this matter, and because of the issues exceed the capacity of a standard civil proceeding, I respectfully request that the court appoint legal representation under 28 USC §1915(e)(1) or other applicable authority.

5. Schedule a Peliminary Hearing— set a hearing to review the evidence, establish the record, and determine whether continued injunctive or Protective measures are warrented.

6. Grant Oversight and protection— direct appropiate oversight agencies or officers to ensure the ongoing safety of the child involved and compliance with all protective mandates.

This relief is nesessary to prevent further harm, protect evidence, ensure accesability.

Page IVX.

Relief Supporting Statement/
TRO legal Basis.

In support to my request for
a Temporary Restraing Order (TRO)
and emergency relief, I state as
follows:

1. Irreparable Harm:
If immediate relief is not granted,
my child and I will continue to
suffer ongoing harm, including
Potential retaliation, destruction
of evidence, loss of legal rights,
and ongoing risk to our safety
and wellbing. These injuries cannot
be remedied by money damages
alone.

2. Likelihood of Success on the
Merits:
Based on the facts and
evidence already provided, there is
a substantial likelihood that I
will prevail on the underlying

Page VI

... claims of civil rights violations, disability discrimination, and statutory violations by the named defendants.

3. Balance of Harms/equity:
The harm to me and my child if relief is denied greatly outweighs any inconvenience or burden to the defendants. Issuing a TRO will simply preserve the status quo and protect evidence until the courts can consider the merits.

4. Public Interest:
Granting immediate relief serves the public interest by protecting a disabled child, enforcing Federal and state civil rights laws, and ensuring the fair administration of justice.

Accordingly, I respectfully request that the court grant the emergency relief requested in the attached complaint.

## Declaration Under 28 USC. §1746

I, Brandy Cornett, declare under penalty of perjury that the facts stated in this complaint and in attached or referenced pages are true and correct to the best of my knowledge and belief.

Executed on this 21st day of October, 2025

Brandy Cornett

Brandy Cornett, Plaintiff

(Handwritten and signed
   by Plaintiff)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY

Eastern District of Kentucky
FILED

OCT 2 1 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## Directions for Completing the
## CIVIL RIGHTS COMPLAINT

This form is to be used to file a lawsuit:

- **against state or local officials** under the Civil Rights Act, 42 U.S.C. §1983, or

- **against federal officials** under 28 U.S.C. §1331 pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Complete the entire form. **ANSWER ALL QUESTIONS.**

Do not include legal arguments or citations. **EXPLAIN THE FACTS** -- what happened, on what date, where, and who was involved or was responsible.

You may attach additional sheets if you need more space, but stating simply "see attached" may result in dismissal of your complaint without prejudice.

You may draft your own complaint, but it must contain all of the information requested in this form. It must be typed or clearly handwritten.

You are responsible for paying the $350 filing fee once your Complaint is filed, regardless of the outcome of your case. There is an additional administrative fee of $52 [Effective 05/01/2013] unless you are granted *in forma pauperis* status under 28 U.S.C. 1915 .

If you cannot pay the entire fee when the Complaint is filed, you may file an application to proceed *in forma pauperis*. Your *in forma pauperis* application must include a completed affidavit form. Prisoners must also include a completed Certificate of Inmate Account.

If the Court grants you pauper status, the Court will permit you to proceed by paying only part of the fee or no fee at all. Prisoners must always pay the entire amount of the filing fee, but are permitted to pay it in installments if granted pauper status.

Keep a copy of all documents you file with the Court for your own records. The Clerk of the Court must charge for copies, regardless of *in forma pauperis* status.

You must advise the Clerk of the Court if you change your address. Your case may be dismissed if you fail to do so.

Rev 01/22