IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BRANDY CORNETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-126 (LAG) |
| | : | |
| SUMTER COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

*Pro se* Plaintiff Brandy Cornett filed two actions alleging various civil rights violations against several Defendants. *Cornett v. Sumter County, et al.* (Cornett I), No. 1:25-CV-126-LAG (M.D. Ga. Sep. 4, 2025); *Cornett v. Sumter County, et al.* (Cornett II), No. 1:25-CV-151-LAG (M.D. Ga. Oct. 24, 2025). Plaintiff initiated the first action on September 4, 2025, and alleges that her disabled child was tortured by Defendants. *Cornett I*, No. 1:25-CV-126-LAG, (*See* Docs. 1, 2, 3). Plaintiff filed a Complaint in *Cornett II* on October 24, 2025, setting forth nearly identical allegations. No. 1:25-CV-151-LAG, (Doc. 1).

Federal Rule of Civil Procedure 42(a) authorizes district courts to *sua sponte* consolidate actions that involve "a common question of law or fact." *Blitz Telecomm. Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (internal quotation marks omitted) (quoting *Young v. City of Augusta through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995)); *see also Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (upholding a district court's sua sponte consolidation of three cases involving similar claims against the same defendant). In considering whether to consolidate cases, district courts weigh

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources

posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Eghnayem*, 873 F.3d at 1313 (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Here, Plaintiff has filed nearly identical actions arising out of the same set of circumstances. The only readily discernable differences are that Plaintiff did not file a Complaint in *Cornett I* and that Plaintiff added additional named Defendants in *Cornett II*. The risk of prejudice from consolidation is minimal as the cases concern the same underlying facts, involve the same legal issues, and seek the same types of relief. Furthermore, because the cases are nearly duplicative, consolidation will not create the "confusion that might attend a consolidated trial." *See Eghnayem*, 776 F.2d at 1313. In fact, the Parties risk inconsistent adjudication on the same underlying claims if the cases proceed separately. *See id.* at 1314. Accordingly, the risk of inconsistent adjudication from separate trials outweighs the risk of possible prejudice that may arise from consolidating the cases. Moreover, consolidation will resolve the claims at one time, thereby reducing the burden to the Parties and potential witnesses who would likely be required to testify in both cases. Finally, consolidation of the cases will conserve judicial resources and ensure the efficient resolution of the cases.

Accordingly, the Clerk of Court is **DIRECTED** to consolidate *Cornett II*, No. 1:25-CV-151-LAG (M.D. Ga. Oct. 24, 2025) into *Cornett I*, No. 1:25-CV-126-LAG (M.D. Ga. Sep. 4, 2025). The Clerk of Court is further **DIRECTED** to file this Order in the companion case, *Cornett II*, No. 1:25-CV-151-LAG and to **ADMINISTRATIVELY CLOSE** *Cornett II*, No. 1:25-CV-151-LAG.

**SO ORDERED**, this 3rd day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2